UNITED STATES of America,
Plaintiff—Appellee,

v.

Atilano MAGBALETA, Defendant—
Appellant.

No. 06–10466.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed June 21, 2007.

Stanley A. Boone, Esq., Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Carrie S. Leonetti, Esq., Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: BYBEE and MILAN D. SMITH, Jr., Circuit Judges, and SEABRIGHT,* District Judge.

* The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM **

Defendant–Appellant Atilano Magbaleta ("Magbaleta") appeals his conviction for assault by striking, beating, or wounding within the territorial jurisdiction of the United States in violation of 18 U.S.C. § 113(a)(4). Magbaleta was convicted following a one-day bench trial before a magistrate judge and the district court denied his appeal from the conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

A conviction is supported by sufficient evidence if, viewed in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Sanders*, 421 F.3d 1044, 1049 (9th Cir.2005). This test applies to jury and bench trials. *United States v. Magallon–Jimenez*, 219 F.3d 1109, 1112 (9th Cir.2000).

■ Magbaleta first contends that the district court did not properly apply the proportionality requirement of the self-defense doctrine. There is no indication in the record that the magistrate judge applied an improper standard to the self-defense claim, and the photographs of the victim's injuries and the testimony at trial support the district court's determination that Magbaleta's use of force was not reasonable under the circumstances. Despite inconsistent testimony among witnesses, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We conclude that there is sufficient evidence to support Magbaleta's conviction.

■ Magbaleta also challenges his conviction on the grounds that the district court improperly admitted into evidence a National Park Service medical screening form. We review evidentiary rulings for abuse of discretion. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir.2004). The medical screening form was properly authenticated because the government presented "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). Further, the medical screening form signed by Magbaleta is not hearsay because he manifested an adoption or belief in its truth. *See* Fed.R.Evid. 801(d)(2)(B). Finally, admission of the medical screening form did not violate Magbaleta's rights to confrontation and cross-examination because the government's witness was, in fact, cross-examined at trial. The district court did not abuse its discretion in admitting the medical screening form.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.